UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
IN ST. LOUIS
CASE NO. 4:16-CR-00466-JAR

RUSSELL HIBBERT,   MOVANT,
                   Defendant,

vs.

RECEIVED
MAR 18 2019
BY MAIL

UNITED STATES OF AMERICA,   RESPONDENT,
                            Plaintiff.

MOTION TO FULLY OFFSET RUSSELL HIBBERT'S RESTITUTION
BALANCE WITH THE LIQUIDATED FORFEITED ASSETS, THE
FORFEITED CURRENCY, AND THE RESTITUTION PAYMENTS

Russell Hibbert (Hibbert), asks this Court to fully offset his restitution balance with previously disbursed restitution payments, all liquidated forfeited assets, and all forfeited currency that the Court Clerk remitted to victims of the offenses charged in the indictment. Additionally, Hibbert asks this Court to offset his balance with all subsequently disbursed restitution payments, all subsequently liquidated forfeited assets, and all forfeited currency given to the victims. In support of this Motion, Hibbert states the following:

I. BACKGROUND

On July 12, 2017, a federal grand jury sitting in the Eastern District of Missouri returned a second superseding indictment charging Hibbert with one count of conspiracy to commit mail fraud, wire fraud, and bank fraud, three substantive counts of wire fraud, and one substantive count

1

of bank fraud. (Second Superseding Indictment, Dkt. # 235).

On November 7, 2017, Hibbert pled guilty to the conspiracy count mentioned above, and the Government agreed to dismiss the remaining counts. In the written plea agreement, Hibbert agreed to "provide full restitution to all victims of all charges in the indictment." (Written Plea Agreement, p. 13).

On March 8, 2017, this Court sentenced Hibbert to twenty-four months of imprisonment, and imposed a three-year term of supervised release. (Judgment, Dkt. # 814)(Page ID # 9622-29). Moreover, this Court ordered Hibbert to make a joint and several $1,846,167.95 restitution payment to the victims of the offenses charged in the indictment. (Id.)

On May 3, 2018, Hibbert received a restitution reconciliation letter from attorney Albert S. Watkins (Mr. Watkins)--the attorney that represented Hibbert in this matter. (Exhibit # 1) According to Mr. Watkins, as of May 3, 2018, a total amount of $1,033,632.00" in restitution payments had been made, "leaving [Hibbert]," Mr. Watkins wrote, "with a remaining balance of $812,535.95" in restitution fees.[1] (Id.). Hibbert subsequently verified Mr. Watkins' claim when he contacted the Court Clerk's Financial Restitution Supervisor, Linda Zanders (Ms. Zanders). During their discussion, Ms. Zanders told Hibbert that several co-defendants had made a total of $1,033,632.00 in restitution prepayments, that the Court later accepted and disbursed to

---

1. Prior to signing the written plea agreement, Mr. Watkins told Hibbert that all of the liquidated assets, forfeited currency, and all of his co-defendants' restitution payments would offset his total restitution fee. (Exhibit # 1).

2

the victims at the conclusion of the defendants' sentencing proceedings, according to the record. (Order, Dkt. # 597). Moreover, as the Case Inquiry indicates, a substantial number of restitution payments were made after Hibbert received Mr. Watkins' letter. (District Court Case Inquiry Report, pp. 1-109). However, Hibbert's current restitution balance fails to reflect that all of these restitution receipts have fully offset his total joint and several restitution obligation to all victims.

## II. ARGUMENT

The Mandatory Victims Restitution Act (MVRA) requires a district court to order a defendant, convicted of any offense involving fraud, to make restitution to victims of the offense. 18 U.S.C. § 3663A. Moreover, the MVRA authorizes a district court to make liability for restitution joint and several, if a court finds that more than one defendant has contributed to the loss of a victim. 18 U.S.C. § 3664(h). In this context, a joint and several liability restitution order reduces a defendant's restitution balance when the victims recover a restitution payment from another defendant. See United States v. Nucci, 364 F.3d 419, 423 (2d Cir. 2004). Although the MVRA does not prescribe a certain distribution method, in a case involving "equally wronged" victims, "pro rata" victim restitution disbursement is the often preferred method of distribution. See Ruddle v. Moore, 411 F.2d 718-19 (D.C. Cir. 1969).

According to this Court's restitution order, all victims must receive an approximately proportional payment when any defendant makes a restitution payment. (Judgment, Dkt. # 814)(Page ID # 9627). And in no case shall any victim receive a prioritized payment. (Id.). Additionally, Hibbert agreed to pay all victims of all the charges listed in the indictment. (Plea Agreement, p. 13).

Nonetheless, Ms. Zanders informed Hibbert that some victims are receiving payments, while others are not. Apparently the Government has created a complex system of approximately sixty victim subpools, and is distributing restitution payments to specifically named victims in these individual-defendant-assigned subpools. These assigned subpools consist of certain victims that the Government selected from the entire pool of victims. As a result, some victims within subpools assigned to defendants that are able to make restitution payments are receiving large restitution awards, while the victims within other subpools assigned to defendants that are barely able, or completely unable, to pay are receiving much smaller payments, or nothing at all--inadvertently creating a prioritized payment system that directly conflicts with this Court's restitution order. In other words, the Government's subpool assigned methodology is inconsistent with this Court's restitution order, the delineated restitution provision in Hibbert's written plea agreement, and the normal distribution

4

method in cases that involved multi-victim restitution fees. See <u>Ruddle</u>, 411 F.2d at 718.

### III. CONCLUSION

Based upon the circumstances set forth in this Motion, this Court should fully offset Hibbert's apportioned joint and several restitution obligation with the previously disbursed restitution payments, the previously liquidated forfeited assets, and the previously forfeited currency given to the victims. Additionally, in light of the restitution provision on page thirteen of Hibbert's written plea agreement and the criminal monetary penalties' and schedule of payments' pages of this Court's Judgment, this Court should fully offset Hibbert's apportioned joint and several restitution obligation with all subsequently paid restitution, all subsequently liquidated assets, and all subsequently forfeited currency given to the victims. See e.g., <u>United States v. Hatten</u>, 2009 U.S. Dist. LEXIS 131142 (S.D. Tex. April 27, 2009)(A Court has the authority to offset a defendant's restitution obligation with forfeited assets when the assets have been given to the victims).

Respectfully submitted,

/s/ Russell Hibbert
Russell Hibbert
Register No. 76751-408
Federal Prison Camp, La Tuna
P.O. Box 8000
Anthony, New Mexico 88021

5

CERTIFICATE OF SERVICE

I, Russell Hibbert, certify that an accurate copy of the foregoing Motion, was placed in a properly addressed envelope, with prepaid postage affixed to the envelope, and sent via U.S. Mail to the United States Attorney's Office for the Eastern District of Missouri, at 111 South Tenth Street, 20th Floor, St. Louis, Missouri 63102, on March 15, 2019.

_____
Russell Hibbert

Russell Hibbert
Register No. 76751-408
Federal Prison Camp, La Tuna
P.O. Box 8000
Anthony, New Mexico 88021



EL PASO TX 700
FRI 15 MAR 2019

RECEIVED
MAR 18 2019
BY MAIL

⇔76751-408⇔
Office Of The Clerk
US District Court
111 S 10TH ST
Saint Louis, MO 63102
United States