RECEIVED
APR 18 2019
BY MAIL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
IN ST. LOUIS

UNITED STATES OF AMERICA,   PLAINTIFF,
                            Respondent,

vs.

RUSSELL HIBBERT,            DEFENDANT,
                            Movant.

<u>RUSSELL HIBBERT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION
TO HIS MOTION TO FULLY OFFSET HIS RESTITUTION BALANCE WITH THE
LIQUIDATED FORFEITED ASSETS, THE FORFEITED CURRENCY, AND THE
RESTITUTION PAYMENTS</u>

Russell Hibbert submits the following reply to the Government's Response in Opposition to his Motion to fully offset his restitution balance with the liquidated forfeited assets that are turned over to the victims, the forfeited currency that is given to the victims, and all restitution payments made to the victims. In support of this reply, Hibbert states the following:

I. <u>THE GOVERNMENT'S RESTITUTION PAYMENT SYSTEM
CONTRAVENES THIS COURT'S RESTITUTION ORDER</u>

According to the Government, its restitution payment system is "consistent with the ... Judgments and Orders of this Court." (Response, Doc. # 1019)(Page ID # 12160). This, however, is incorrect. As the Government admits, for example, Defendant Anthony Swiantek made a $1,000,000 restitution payment prior to the entry of the restitution order in this case. (Id.)(Page ID # 12156). Additionally, Defendant Michael McNeil made a $20,000 restitution payment before the entry of the restitution order. (See Docket

1

Entry dated March 1, 2018). In fact, according to the record, $1,033,632.00 in restitution was paid before this Court issued its Restitution Order in this case. (See Exhibit # 1, attached to Hibbert's original Motion to Offset). Yet, only a fraction of these payments were used to offset Hibbert's $1,846,167.95 restitution balance. Thus, contrary to the Government's assertion, the payment system in this case contravenes this Court's Restitution Judgment which states that Hibbert must "receive credit for all payments previously made toward any criminal monetary penalties imposed." (Judgment, Doc. # 814)(Page ID # 9629); See United States v. Loglia, 2014 U.S. Dist. LEXIS 30611 (D. Nev. March 10, 2014). (The "shall receive credit for all payments previously made toward any criminal monetary penalties imposed" passage, affirms that Defendant Loglia's entire $83,000 restitution payment must fully offset his codefendant's joint and several restitution balance.) This Court should, therefore, offset Hibbert's restitution balance with all of the restitution payments that were made on, and before, the date that this Court entered its restitution order.

## II. THE GOVERNMENT'S INTERPRETATION OF THE RECORD CONTRADICTS HIBBERT AND HIS ATTORNEY'S REASONABLE UNDERSTANDING OF THE WRITTEN PLEA AGREEMENT THAT HIBBERT SIGNED

According to the Government, Hibbert agreed that "there [would] necessarily be instances" when his codefendants' restitution payments would fail to offset his restitution obligation. (Response, Doc. # 1019)(Page ID # 12158). But this is not true. In his written plea agreement, Hibbert agreed that the restitution amount would be based on the parties' agreement, and that he would provide

2

"full restitution to all victims of all charges in the indictment." (Plea, Doc. # 405 p. 13). Conspicuously absent from this agreement, however, is a provision which demonstrates that Hibbert knew there would be instances when he would not receive an offset credit when his codefendants made restitution payments. In fact, Hibbert's attorney, Albert S. Watkins, informed Hibbert that the total restitution prepayment amount of $1,033,632.00 had offset his restitution obligation. (See Exhibit # 1, attached to Hibbert's original Motion to Offset). The Government's conduct, therefore, constitutes a breach of the written plea agreement; in light of this, its position should be rejected. See e.g., United States v. Pizzolato, 655 F.3d 403, 409 (5th Cir. 2011)(Government conduct that is inconsistent with a defendant's reasonable understanding of a written plea agreement constitutes a breach).

    Moreover, the written plea agreement "constitutes the entire agreement between [Hibbert] and the [G]overnment, and no other promises or inducements" were made directly or indirectly by any agent of the Government. (Plea, Doc. # 405 p. 15). Furthermore, the written plea agreement does not reference the supplemental documents, filed after Hibbert signed the written plea agreement, that the Government mentioned in its Response. (Id. pp. 1-17). As a result, these documents cannot be used to support the Government's position. Because the plea agreement's language is clear, this Court should reject the Government's request. See e.g., Margalli-Olivera v. INS, 43 F.3d 345, 351 (8th Cir. 1994)(When ascertaining the intent of the written-plea-agreement parties,

3

the language of the written agreement, if unambiguous, should ordinarily be conclusive).[1]

### III. CONCLUSION

For the reasons set forth above, this Court should grant Hibbert all of the relief that he has requested.

Respectfully submitted,

*/s/ Russell Hibbert*
Russell Hibbert
Register No. 76751-408
Federal Prison Camp
La Tuna
P.O. Box 8000
Anthony, New Mexico 88021

---

1. The Government correctly states that the Attorney General has the sole authority to restore forfeited property to victims. See United States Dep't of Justice, Asset Forfeiture Policy MANUAL, § 12E.2 (2016). In its Response, the Government also states Hibbert claimed that this Court has the authority to offset his restitution obligation with forfeited assets, before the assets are turned over to the victims. (Response, Doc. # 1019)(Page ID # 12159 n.5). But Hibbert made no such claim. Rather, Hibbert claimed that this Court has the authority to offset his restitution obligation with forfeited assets, after the assets are turned over to the victims. (Motion, p.5). And this Court certainly has the authority to do so. See United States v. Ruff, 420 F.3d 772, 775 (8th Cir. 2005); United States v. Hatten, 2009 U.S. Dist. LEXIS 131142 (S.D. Tex. April 27, 2009); and United States v. Smith, 297 F. Supp. 2d 69, 73-74 (D.D.C. 2003). Additionally, because Hibbert never acquired any proceeds from the conspiratorial activity, none of his assets were forfeited. This fact, however, does not prevent this Court from using the forfeited assets to offset his restitution obligation, once the assets are turned over to the victims.

4

## CERTIFICATE OF SERVICE

I, Russell Hibbert, certify that an accurate copy of the foregoing Reply was placed in a properly addressed envelope, with prepaid postage affixed to the envelope, and sent via U.S. Mail to the United States Attorney's Office for the Eastern District of Missouri, at 111 South Tenth Street, 20th Floor, in St. Louis, Missouri 63102, on April 15, 2019.

Russell Hibbert

## PRISON MAILBOX RULE DECLARATION

I, Russell Hibbert, declare under penalty of perjury that the foregoing Reply was placed in the institution's prison mailbox on April 15, 2019. This Reply was filed within seven days after I received the Government's Response; it is, therefore, timely. See E.D. Mo. L.R. 4.01(C).

Russell Hibbert